PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUSTINO APONTE, Defendant and Appellant.

No. 3858.  Argued November 6, 1929.—Decided November 13, 1929.

*E. Díaz Viera,* for appellant.  *R. A. Gómez,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The information in this case charges that the defendant kept and offered for sale adulterated milk. The only question raised by appellant is whether or not the facts so stated constitute an offense.

The "Act providing punishment for the adulteration of

milk and for other purposes," approved August 12, 1925 (Session Laws, p. 558), provides that—

"Every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor . . . ."

The theory of appellant is that the information does not charge the commission of a crime because it does not state that the adulterated milk kept and offered for sale by defendant was "to be used for human consumption."

The English text is more or less open to the construction thus sought to be placed thereon. The Spanish original, however, is perfectly plain. It reads thus:

"Toda persona que adulterare o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano, y toda persona que usare leche adulterada o diluída para fines industriales, cuando se destina a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (misdemeanor) . . . ."

When the act imputed to a defendant is the transportation of adulterated milk, the information must charge that the milk in question was "to be used for human consumption." *People* v. *Abraham Santiago*, 38 P.R.R. 181. That is one of several ways in which the offense may be committed. When the adulterated milk is not transported but kept or offered for sale, the information need not charge that it was "to be used for human consumption." The reason is that such a purpose is not made a part of the statutory definition of the crime when committed by offering or keeping the adulterated milk for sale.

The judgment appealed from must be affirmed.